The Honorable M. Olin Cook State Representative 266 South Enid Avenue Russellville, Arkansas 72801-4534
Dear Representative Cook:
This official Attorney General opinion is rendered in response to a question you have raised concerning advertising and promotion commissions.
You have asked:
 If a city levies a tax on hotels and motels only, and not on restaurants [under A.C.A. § 26-75-602(c)], can restaurant owners or managers serve on the advertising and promotion commission?
It is my opinion that restaurant owners or managers can serve on the advertising and promotion commission even if the city levies a tax on hotels and motels only, and not on restaurants.[1]
I base this conclusion on the plain language of A.C.A. § 26-75-605, which governs the membership of the advertising and promotion commission. (The Arkansas Supreme Court has held that where statutory language contains no ambiguity, it should be interpreted just as it reads. See, e.g., Filesv. Arkansas State Highway and Transp. Dept., 325 Ark. 291, 925 S.W.2d 404
(1996).)
The provisions of A.C.A. § 26-75-605 state in pertinent part:
26-75-605. Advertising and promotion commissions.
 (a) Any city levying a tax pursuant to this subchapter shall, by ordinance, create a city advertising and promotion commission, to be composed of seven (7) members, each of whom shall reside within the levying city, as follows:
 (1) Four (4) members shall be owners or managers of businesses in the tourism industry, at least three (3) of whom shall be owners or managers of hotels, motels, or restaurants, and who shall serve for staggered terms of four (4) years;
 (2) Two (2) members of the commission shall be members of the governing body of the city and selected by the governing body and shall serve at the will of the governing body; and
 (3) One (1) member shall be from the public at large and shall serve for a term of four (4) years.
A.C.A. § 26-75-605(a).
The above-quoted statute requires that four members of the commission be owners or managers of business in the tourism industry. Three of these must be owners or managers of hotels, motels, or restaurants. The statute does not condition commission membership upon the nature of entities upon which the tax is levied. Indeed, the fact that the statute allows for one of the four industry members to be an owner or manager of a business that is not a hotel, motel, or restaurant is an indication that the legislature did not intend that industry representation on the board be wholly from the taxed entities of the industry.
My conclusion regarding this matter is bolstered by the fact that the duty of the board in determining the use of the tax proceeds involves decisions that will affect the tourism industry as a whole, and not just the taxed entities of the tourism industry. See A.C.A. § 26-75-606.
For these reasons, I conclude that restaurant owners or managers can serve on the advertising and promotion commission even if the city levies a tax on hotels and motels only, and not on restaurants.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Cities are authorized to levy the tax on restaurants and on hotels and motels, or on only one or the other, by A.C.A. § 26-75-602(c), which states:
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
 (1) The gross receipts or gross proceeds from renting, leasing, or otherwise furnishing hotel, motel, or short-term condominium rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more; and
 (2) The portion of the gross receipts or gross proceeds received by restaurants, cafes, cafeterias, delicatessens, drive-in restaurants, carry-out restaurants, concession stands, convenience stores, grocery store-restaurants, and similar businesses as shall be defined in the levying ordinance from the sale of prepared food and beverages for on or off-premises consumption, but such tax shall not apply to such gross receipts or gross proceeds of organizations qualified under section 501(c)(3) of the federal Internal Revenue Code.